IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SHEILA A. SCOTT, #K4041                                                                       PLAINTIFF

VERSUS                                                    CIVIL ACTION NO. 3:12-cv-46-CWR-LRA

LT. V. FRAZER, ET AL.                                                                      DEFENDANTS

MEMORANDUM OPINION

Plaintiff Scott, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated in the Central Mississippi Correctional Facility, Pearl, Mississippi, filed this *pro se* Complaint [1] pursuant to 42 U.S.C. § 1983. The named defendants are Lieutenant V. Frazer, Lieutenant Christine Hubbard, and Lieutenant Chandra Berryman. After liberal review of Plaintiff's Complaint [1] and Affidavit/Response [12], the Court has reached the following conclusions.

In her Complaint [1], Plaintiff states that on August 26, 2011, she was subjected to a second drug test by Defendant Hubbard. The result of that drug test was positive for the use of methamphetamine resulting in Plaintiff receiving a second rule violation report (RVR) on August 27, 2011. Compl. [1], at p.4. Later, on September 1, 2011, Plaintiff was found guilty of said RVR and received as punishment the loss of privileges for 90 days. *Id*. Plaintiff argues that the medication that she is taking caused a false positive test result. *Id*., at p.5. Additionally, Plaintiff asserts that the drug test kits are not stored properly and the expiration date of the kits have lapsed which could have contributed to the false positive test result. *Id*. Moreover, Plaintiff claims in her Response [12] that Defendant Frazer, who administered the drug test, is not trained to perform such testing. Plaintiff contends that she has submitted a request for administrative remedies and her first step request was denied by Defendant Berryman, even though Plaintiff had included a statement from the medical staff that her medication "Zanta" would cause a false positive test result for

methamphetamine.  Compl. [1], at p.5.  As relief, Plaintiff is requesting that the RVR for testing positive for methamphetamine be expunged from her prison record. *Id.*, at p.4.

**I. Analysis**

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  The Court has permitted the Plaintiff to proceed *in forma pauperis*[1] in this action; therefore his Complaint is subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2).

In order to have a viable claim under 42 U.S.C. § 1983, Plaintiff must allege that she was deprived of a right secured by the Constitution or the laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Resident Council of Allen Parkway Village v. United States Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1050 (5th Cir.), *cert. denied*, 510 U.S. 820 (1993). According to the allegations asserted by Plaintiff, this Court finds that she is asserting that her constitutional rights under the Due Process Clause have been violated as a result of being found guilty of the RVR for testing positive for the use of methamphetamine.

To invoke the protections of the Due Process Clause, Plaintiff must have a protected liberty interest at stake.  A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary

---

[1] Plaintiff was granted permission to proceed *in forma pauperis* by Order [8] entered on February 7, 2012.

incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner. *See Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997) (inmate's 30 day commissary and cell restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest); *King v. Sims*, 2009 WL 2497154, at *5 (Aug. 14, 2009) (reclassification, reassignment and loss of canteen, phone and visitation privileges did not constitute a violation of plaintiff's constitutional rights); *see also Sharp v. Anderson*, 2000 WL 960568, *1 (5th Cir. 2000)(inmate's claim that he was kept in administrative segregation for 112 days after he was found not guilty of a disciplinary charge did not implicate the protections of the due process clause). Therefore, Plaintiff simply did not suffer an atypical and significant hardship in relation to the ordinary incidents of prison life by losing her prison privileges for 90 days and thus, she has not suffered a constitutional deprivation that is cognizable under 42 U.S.C. § 1983. *See Braxton v. Gusman*, 2011 WL 802622, at *4-5 (E.D. La. Feb. 7, 2011).

Finally, according to Plaintiff's Complaint [1] and the attached RVR, she was found guilty based on the reports by the staff. Therefore, there were "some facts" to base the finding of guilty at the disciplinary hearing. *See DeLeon v. Dretke*, 2006 WL 1281078, at *3 (S.D. Tex. May 4, 2006)(holding that a "positive urinalysis test sufficient to meet 'some evidence' standard").

## II. Conclusion

As stated above, Plaintiff's allegations do not implicate due process concerns. Therefore, the instant civil action will be dismissed with prejudice as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I), *see Sharp v. Anderson*, 2000 WL 960568, at *1 (5th Cir. 2000)(determining that the dismissal by the District Court of a § 1983 suit regarding a disciplinary violation as frivolous was

proper and also dismissing the appeal as frivolous), and will count as a strike pursuant to 28 U.S.C. § 1915(g).

Since this case is dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike." *See* 28 U.S.C. § 1915(g). If Plaintiff receives "three strikes," she will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment will be entered in accordance with this Memorandum Opinion.

SO ORDERED this Second day of March 2012.


    /s/ *Carlton W. Reeves*
Hon. Carlton W. Reeves
United States District Court Judge